ROMAN CATHOLIC CHURCH OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN MONCLOVA-MARTÍNEZ ET AL., Defendants and Appellants.

No. 4032. Argued December 17, 1926.—Decided May 23, 1927.

*Luis Freire Barbosa* for the appellants. *Manuel Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Roman Catholic Church recorded in the registry of property of Arecibo the possession of four pieces of property situated in that town and ten years after the record applied to the Municipal Court of Arecibo for an order decreeing the conversion of such record into one of owner-

ship. The application was opposed by the appellants, one of whom had unsuccessfully opposed the possessory title proceeding which originated the record sought to be converted into one of ownership, *Monclova* v. *Rexach,* 19 P.R.R. 406. The District Court of Arecibo rendered a judgment on appeal decreeing the conversion of the record of possession into one of ownership and this appeal has been taken by the opposers from that judgment.

In order that a record of possession may be converted into one of ownership and be recorded as such in the registry of property the law requires that a petition be filed for that purpose with the municipal judge of the place where the property is situated, with a certificate of the registrar to the effect that ten years have elapsed from the date of the record and that there is no evidence in the registry that the prescription has been interrupted, and requesting in view thereof that the conversion of the record of possession into a record of ownership be advertised in a local newspaper of the judicial district in which the court where the proceedings are instituted is situated or, in default of such newspaper, in any designated by the court, in order to give an opportunity to persons who consider themselves prejudiced to oppose the proceeding within fifteen days from the publication of the notice; and that if on the expiration of the fifteen days no claim has been set up, the municipal judge shall have this fact entered on the record, shall declare the proceedings closed and shall render a final decision setting down the description of the property and other legal requirements, and shall direct the clerk to issue a literal certified copy of said final decision, which certified copy shall be handed by the petitioner to the registrar to have the conversion recorded, etc. Act No. 21 of July 7, 1923, p. 217, amending section 441 of the Regulations for the Execution of the Mortgage Law, as amended by Act No. 10 of April 30, 1921.

The appellee filed its petition for the conversion and complied with all the legal requisites and therefore was entitled to an order decreeing the conversion of the record of possession into one of ownership, if the proceeding was not opposed within fifteen days from the publication of the notice advertising the petition for the conversion or, should there be any opposition, if such petition is not proper.

The appellants, in their complaint in which they opposed the conversion of the record of possession into one of ownership, did not allege as ground therefor that the possession of the appellee had been interrupted after having recorded such possession, but alleged that they had been the owners of the properties for more than thirty years and that the proceedings which gave rise to the record of possession sought to be converted into one of ownership were defective. All the grounds for this appeal are to the effect that the trial court did not allow them to introduce evidence in support of the facts alleged in their complaint.

In a proceeding for the conversion of a record of possession into one of ownership the only question to be considered is whether during the ten years following the record of possession the petitioner has been in uninterrupted possession of the property, or whether the possession has been interrupted, and the opposers and appellants have not alleged such interruption. The questions as to whether the appellants are the owners of the properties and as to whether or not the possessory proceeding which was recorded is defective, have no bearing on proceedings for the conversion of records of possession into records of ownership, and therefore the court did not err in refusing the appellants to introduce in evidence such facts, as they were immaterial to the question to be decided.

The judgment appealed from must be affirmed.